UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:22-CV-0562-MOC-SCR

| | |
|---|---|
| K.K. and A.K., <br><br> Plaintiffs, <br><br> vs. <br><br> CDK GLOBAL, INC. and FIRST NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, INC., <br><br> Defendants. | **CONSENT PROTECTIVE ORDER** |

Plaintiffs desire to inspect and copy certain information from the investigation file (the "Records") of non-party Adonis Woods, who is currently employed by the City of Rocky Mount (the "City") as a detective with the Rocky Mount Police Department. The Records are maintained by the City, and the City contends the Records constitute or contain records of criminal investigations and/or records of criminal intelligence information pursuant to N.C.G.S. § 132-1.4 and the same may be disclosed by order of this Court. Plaintiffs have requested the Records through a subpoena duces tecum, and in order to facilitate the discovery process in this action, counsel for the City and all parties have agreed to the terms of this Consent Protective Order as a vehicle that will enable the City to produce the Records in a confidential manner.

NOW, THEREFORE, upon the joint motion of the parties, IT IS HEREBY ORDERED that:

1. **Records of Criminal Investigations and Records of Criminal Intelligence Information.** "Records of criminal investigations" is defined by N.C.G.S. § 132-1.4(b)(1) to mean, in pertinent part, "all records or any information that pertains to a person or group of persons

that is compiled by public law enforcement agencies for the purpose of attempting to prevent or solve violations of the law, including information derived from witnesses, laboratory tests, surveillance, investigators, confidential informants, photographs, and measurements." "Records of criminal intelligence information" is defined by N.C.G.S. § 132-1.4(b)(2) to mean "records or information that pertain to a person or group of persons that is compiled by a public law enforcement agency in an effort to anticipate, prevent, or monitor possible violations of the law." The City contends records of criminal investigations and/or records of criminal intelligence information are or may be located in the Records. The City contends this information may be located in, but not limited to, the following documents or materials: (a) statements, (b) non-public portions of the incident/investigation report, (c) supplemental reports, (d) field notes, (e) interviews, and (f) any other similar documents or materials comprising the Records.

2. **Designation of Confidential Information.** Any document obtained in response to the subpoena duces tecum and asserted by the City to contain or constitute records of criminal investigations or records of criminal intelligence information shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or a comparable notice.

3. **Objections to Confidential Designation.** If at any time a party objects to the designation of a document or information as being confidential, the objecting party shall notify counsel for the City party in writing, identify the information or document in question, and specify in reasonable detail the reason or reasons for the objection.

4. **Lack of Objection to Confidentiality.** The City's lack of an objection to the designation of any material as confidential shall not waive such objection, or waive the City's right to appear

and move the Court for a ruling that the materials should not be designated as confidential at any time before the conclusion of the pending litigation.

5. **Disclosure Only to Certain Persons/Entities.** In the absence of written permission from the City or its counsel, or by an order of the Court, any confidential information or documents obtained in accordance with the provisions of Paragraph 2 above shall not be disclosed to any person other than the following:

    a. The Court and its officers/employees;

    b. The parties in this action;

    c. Counsel of record and employees of counsel of record; and

    d. Authorized third parties, to include the following:

        i. the insurer of the parties to this action, its agents and employees;

        ii. service contractors such as photocopying or imaging services;

        iii. certified court reporters and/or videographers taking or recording testimony in this action, and their support personnel;

        iv. independent experts, retained consultants, and their staff, who were consulted or retained by the parties, provided that the retaining counsel has advised such third-party as to the confidentiality requirements under this Protective Order and provided a copy of this Protective Order to such third-party; and

        v. any jurors or alternate jurors that may be empaneled for purposes of trial.

6. **Duty to Maintain as Confidential.** All persons to whom confidential information is disclosed pursuant to this Protective Order shall maintain such information in confidence, shall not use such information for any purpose other than the pending litigation, and shall not disclose such

information to any other person except in accordance with Paragraph 5 above. If the City or its counsel agrees that access to or dissemination of documents or information obtained as confidential personnel information shall be made to persons not included in Paragraph 5 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Protective Order, and such persons shall be considered subject to it.

7. **Filing of Confidential Information.**

    a. Any documents or evidence produced pursuant to the Consent Protective Order and marked as confidential information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted as a proposed sealed document pursuant to LCvR 6.1, Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina, 2017 Edition (as revised, effective December 1, 2022) and Paragraph 2 above. Any portion of a transcript in connection with this action containing any confidential personnel information submitted pursuant to Paragraph 2 shall be bound separately and filed as a proposed document pursuant to the said LCvR 6.1.

    b. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (i) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (ii) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (iii)

the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

8. **When Restrictions Shall Not Apply.** The restrictions set forth in the preceding paragraphs shall not apply to information or material that:

   a. was, is, or becomes disseminated to the public in any way that is not in violation of this Protective Order;

   b. is acquired by a third-party having the right to obtain or disclose such information or material;

   c. was lawfully possessed or learned by the parties or their respective counsel prior to the entry of this Protective Order;

   d. is lawfully learned or obtained by a party from sources other than, in addition to, or independent from the confidential materials produced in this action; or

   e. is otherwise required to be disclosed by order of a Court of competent or greater jurisdiction.

9. **Inadvertent Disclosure.** If confidential documents obtained in accordance with Paragraph 2 are disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure must as soon as is reasonably possible bring all pertinent facts relating to this disclosure to counsel for the City and, without prejudice to other rights and remedies of the City, make every reasonable effort to retrieve any documents or information disseminated and to prevent further disclosure by it or by the person who was the recipient of such information.

10. **Storage of Confidential Information.** Unless otherwise ruled upon by the Court or by written permission of counsel for the City, all confidential information subject to this Order shall be stored under the direct control of counsel who shall be responsible for preventing any disclosure thereof, except in accordance with the terms of this Protective Order. Within sixty (60) days after the conclusion of this action, including appeals, if any, all confidential information produced by a party shall be returned to the party who produced the information or destroyed with certification of such to the party who produced the information. However, in compliance with counsel's ethical obligations to maintain complete client files following the conclusion of a case, counsel for the parties shall be allowed to maintain a copy of any confidential information in its client files. This Protective Order shall remain in effect after the conclusion of the pending litigation.

11. **No Admissions as to Confidentiality.** Nothing in this Protective Order shall be construed as indicating that any materials designated by the City as confidential are, in fact, entitled to such confidentiality under the law, or that any party to this Protective Order agrees with the confidentiality designation.

12. **Modification of this Order.** Any party may at any time seek modification of this protective order by agreement, or failing agreement, by motion to the Court for good cause shown, and notice to counsel for the City.

**SO ORDERED**.

Signed: May 30, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge